Good morning, Your Honors. I intend to reserve one minute of my time for rebuttal. Yes, you'll have to manage your own time, but you may do that. In this case, we are looking at Mr. Anderson's 2016 habeas petition. The State's argument is that it is successive. In order to be successive, he must have, of course, filed an initial federal habeas petition, a first petition and not just any petition, one that meets the requirements of 2244A, which is a petition that challenges the legality of his State court detention or of the judgment. The government's argument, in fact, their answering brief concedes that if, on page 16, that if the 2013 habeas petition was not properly filed and didn't meet the technical and procedural requirements for filing a habeas petition, then a dismissal without prejudice would have been the appropriate result. And the weakness of the government's cases — But didn't that have to be raised at the time? In other words, there was no appeal taken to the Federal court when his first whatever-it-was petition was denied. Is that correct? Your Honor, he never — he did take an appeal. The COA — he tried to. The COA was denied. Okay. So that became a final judgment. Correct. Okay. So why aren't we bound by what occurred there, which was that it was considered a habeas petition? That was — that was not an inherent part of the ruling, Your Honor. In fact, the district court's order, which is found in the excerpts of record, first volume, if we look at — this is a 2013 order. It begins on page 38. That order specifically states that he — that Mr. Anderson is not challenging the legality of his judgment of conviction. And that was the Court's ruling at that time. Mr. Anderson tried to appeal for that. The Court denied a certificate of appealability. But what's important about the 2013 litigation, what's interesting about this case is probably the most important document of that 2013 litigation is the actual docket sheet. And that is found in volume four of my excerpts of record, beginning on page 401. And it's important I would ask the Court to look at that as we address some of the arguments that are put forth in the answering brief, because if there's one thing that I would like to establish here today is that the government is simply wrong when it states that this 2013 filing by Mr. Anderson met the requirements for a habeas petition. First of all, if you look at the docket sheet, you'll notice you will not see an entry for a habeas petition. In fact, what they consider to be a habeas petition is an attachment to his motion to proceed in form of papyrus. The operative document in our estimation is on docket entry four, which is his motion for pre-sentence credits. And, in fact ---- Sotomayor, I have a procedural question, another procedural question to ask you. In the opening brief, you refer to the 2013 filing as a Federal habeas petition. And it seemed to me that it's only in the reply brief for the first time that you're making this argument. Am I misreading your opening brief? And if not, what does that do to our usual rule that we require an argument to be made in the opening brief? Your Honor, it's a good question. I would ---- my focus was in my briefing. I would concede that was incorrect. Now, the mistake I made is in the Court's 2016 order that ---- which is found beginning on pages 4 and 5 of the excerpts of record, the Court specifically says that he addressed the legality of that petition ---- that his 2013 order did address the legality of the State court judgment, and, therefore, it's excessive and meets that requirement. And what I did not notice until the reply brief is that in his 2013 order, he said exactly the opposite. If you look at page 38, once again, he says he admits that Anderson is not attacking a State court judgment. So the fundamental error there is in the 2016 order, which attempt to recharacterize the significance of the 2013 order. The ---- Your Honor, I would like to note that beginning on the answering brief, pages 13 through 16, the government makes a number of representations about this petition. And I was wrong. I made it in the opening brief to call it a petition. Because I just ---- Well, you may have been wrong, but what are we supposed to do about ---- we normally have a rule that if an issue is not squarely raised and argued in the opening brief, that's ---- we don't reach it. So why should we reach it here? Your Honor, I did make the argument in my opening brief, it's fair to say, that the Court's order here was improperly recharacterizing what Anderson did as a habeas petition. And maybe this is an argument probably of schematics. We rely on ---- we used to very commonly have memo dispos in this circuit that would say, we recharacterize the, and then we'd quote the title, as a habeas petition, and then did whatever we did with it. Was there any language like that here that you rely on? No, there wasn't. And that's what initially confused me, is the district courts seemed to just assume that this was a habeas petition. And it wasn't until you dig into the weeds of what actually was filed that you realize that he was just wrong about that. And why do I say that? Did he ever say that he was recharacterizing it as a habeas petition? No, he did not explicitly, no. It's an implicit recharacterization. But my core argument is that the operative document was the motion for presentence credits. And why do I say that? And what could that be? Let's see. It wasn't a motion made to the sentencing court to correct the sentence, right? Well, he initially did that in State court, right? What did he say? He initially did that in State court. What could it be in Federal court other than a habeas petition? It's a good question. It's somewhat akin to a 2241 litigation. I'm thinking if none of us Federal judges sentenced the guy, we're totally out of the process of correcting the sentence. All we can do is say he's entitled to be released. And this is where the recharacterization comes in. I'm sorry. And all we can do is say he should be released because the sentence properly done would be such-and-such and he'd be entitled to release now. So what could it be except a habeas petition? That's exactly where we get into the recharacterization issue. It's probably a rogue document, Your Honor. It's true. It could be filed. But the court and what Casser the U.S. Supreme Court case says and a lot of other circuit cases, especially when the circuits say, is that when a court attempts to engage in this recharacterization process or does, it has to – it has a duty to not prejudice the pro se litigant by doing that. And here, by construing his motion for pre-sentence credit as the actual application, which was a habeas application which was attached to his informal preponderance motion, he caused him severe prejudice. And here's the thing. Didn't he also tell the district court in that initial proceeding that he had some unexhausted other claims that were still pending in State court, which suggests that maybe it was handled wrong, that he had both exhausted and unexhausted claims, but doesn't that sort of support the view that it was a habeas petition? It's a great point. And here's – the government states in their answering brief that he filed this on the official Federal form that we have. It's not. It's just incorrect. If you look at it, and it's in Respondent's Excerpt of Records, it begins on 406, Volume 3. The first two pages are from our Federal standard form, but the rest of it is just an amalgamation of State court documents. And why is that important? Because the district court and the State relies heavily on Burton, the Supreme Court case, which talks about what constitutes a successive petition. And in Burton, the Supreme Court specifically noted that that original petition was filed on the standard form, which incidentally is required under the Federal Habeas Rules 3d, and that that form had this advisement to the petitioner, you better put all your claims in here or else you will forever waive them, waive them, that my – this thing that my client filed as an attachment does not have those advisements. It's not on the standard form. So the government is wrong about that. Incorrect. The government is also wrong when they say that it was verified. This petition was never verified. There's nothing on it that comes close to a verification. What is verified is his motion for presentence credit, which is found in the docket on page 4. Counsel, you're down to a minute. I am. If you want to reserve time. Excuse me. I wanted to ask a question, if I could. Yes, please. I want to talk to you about the Castro case that you used. It was explicitly based on the district court's recharacterization. But all that happened here was the district court did what you asked them to do. How does – how do you – how do you still have Castro into the game here? Because there's a – there are two documents here that could potentially be the operative document. The most – the overwhelming weight of the evidence is that the motion for presentence credit, which is a rogue document, is actually what Anderson filed and was the operative legal document. Here the Court ignored that motion, instead took the attachment, characterized that as a habeas petition, and then ruled on it without any briefing within weeks of him filing it. That's the recharacterization. Now, admittedly, it's not directly on point with Castro, but it's close. Is this what your client asked him to do? That's – that's a good point, Your Honor. A lot of the government's arguments, the State's argument, and the district court's argument is that my client made an explicit choice. But there's no evidence of that in this record. And that's another way it differs from Burton. Because in Burton, there's evidence in that record that the client had noticed that he had to bring all his claims or lose them, and yet he made a conscious election to do that. Those facts are absent from this record. Thank you, counsel. You've exceeded your time, and we appreciate your argument. Thank you. We'll hear from the State. Good morning, Your Honors. May I please the Court? Lawrence Van Dyck. I'm half of the Nevada State respondents. Mr. Anderson, as the Court's noted, Mr. Anderson's made a few new arguments in his reply, and so I think what I'll do is I'll try to address those, address why I think they're waived, but also why I think they're wrong, and then quickly address – try to quickly address what I think are the key failings of the main arguments he made in his opening brief, Your Honors, if that order works for you. On page 6 of his reply brief, he does argue for the very first time that this isn't a Federal habeas petition, that it's a motion for pre-sentence credits. A couple – Is that what it was entitled? Say that – It was an entitled motion for pre-sentence credits, wasn't it? Well, the actual – that's what I was going to get to. The actual document that the District Court ruled on here was titled repeatedly, actually, as a Federal habeas petition pursuant to 28 U.S.C. So the title was Habeas Petition. Oh, absolutely, Your Honor. So I would direct the Court – Your position would be then that it wasn't recharacterized. Right. Exactly, Your Honor. Exactly. And so if – I would urge the Court, if you haven't done so, to look at the petition when you get a chance. It starts at – It's document 1-1, right? Yeah. It's in the Respondents' Excerpts of Records starting on page 407, and it goes on for some pages. And on the very first page of that, 407, it says the title of that is actually from the Federal – what he did is it looks like he took the first two pages from the Federal habeas form. So he got that from somewhere. And the title of that, as prefilled in, is Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254. And then importantly, as Mr. Anderson's counsel noted this morning, he actually took another form. It looks like he took a State – some sort of form that maybe is used for State filings, and then he put that after. And that's on the third page. That's 409. And I would urge the Court to look at that, because I think that really counter is counter to the argument that somehow he didn't want to file a habeas petition. Because if you look at that form — He handwrites in Petition for a Writ of Habeas Corpus. He handwrites in. Exactly, Your Honor. He handwrites in the exact same title. So he took the State form, yes, and put it on the back of the Federal form, and then he handwrites in that this is a Federal habeas petition, Your Honor. And then if you look through to the next page, Your Honor — And page 3 also says he's petitioning for a hearing on challenging to the validity of the judgment of conviction and to claim additional pre-sentence credits. In this post-conviction Petition for Habeas Corpus, on page what I have is Record Records 410, which I think is page 3, Your Honor. I think maybe that's page 4. Your position would be it says it's a habeas petition. He filed a habeas petition. You only get to file a habeas petition once you're not entitled to an explanation of the stay-in-abeyance procedure and so forth, if it's not recharacterized from something else as a habeas petition. That's right, Your Honor. But that's not right? Exactly. So his first argument, or what I would characterize as his new argument, which I think he's admitted is a new argument in the reply, is just simply wrong, this idea that somehow you had to recharacterize this into a habeas petition like the cash location. Well, let me ask. It does seem that it was a mixed petition containing both exhausted and unexhausted claims, and so it should have been dismissed, at least in part, shouldn't it? Or held in abeyance? I don't know that it was a mixed petition. My understanding is that he just raised the one issue, Your Honor, which is the pre-sentence credits in that particular case. Well, he repeatedly says he's challenging the validity of his conviction. He doesn't really explain why, but that issue had not been exhausted, had it? Well, I think if you to your Honor's point, one of the questions you asked earlier about was whether or not, you know, can he raise that in this proceeding. I understand that. I'm just asking. It seems that it was not handled correctly in 2013. I don't know that we can do anything about it. Well, because I think that your question you asked earlier and what you're getting at now I think are related. As to if he wants to now challenge that, oh, this is a mixed petition, so you shouldn't have done anything, I think that would have to be raised. There's no authority at all that you can somehow raise that in a later proceeding. As to your original question, I would we've talked about this in our office. I would not prefer that this Court decide the decide in the State's favor on the basis that he should have raised it in the first petition, and here's why. If you look at the Castro case that Judge Wallace brought up, which is the case that he's trying to shoehorn his case into, in the Wallace case, it had facts where the district court recharacterized it in the first proceedings, and one of the arguments to the Supreme Court in the Wallace — in the Castro case was, well, you need to — this law of the case at this point, he should have raised that in the first proceedings, so somewhat what you were getting at, Judge Graber. And he — and the Supreme Court rejected that. Now, I think that this is a very different circumstance because there's no recharacterization, but I think that there's a lot clearer reason that the State wins here. Other than — in other words, I don't know. It's maybe a little less clear whether you can reach back into an earlier proceeding because of the Castro case, but this case is nothing like Castro. This case obviously does not involve any kind of recharacterization. It doesn't involve any — any doing anything different than what the habeas Petitioner asked. I mean, the Castro case is — if the Court looks at the Burton case or the Plyler case, both those cases, the Petitioners tried to do what Anderson is trying to do in this case, and they tried to shoehorn themselves, and they explicitly argued, well, Castro governs our case. And the Supreme Court in both of those cases rejected that argument, and it said, no, no, no, Castro's a different kind of case. It's where, essentially, the district court judge — the Petitioner files something, and the district court judge says, well, I'm going to recharacterize it as something different than what you want, a habeas petition. And then you prejudice the Petitioner for — for having filed something that he didn't actually file, but you recharacterize as such. And you can see there's a — there's a definite equity issue going on there. Here, I think it was Judge Wallace, the Court just did what he asked him to do. The Court filed a habeas petition, and the Court quickly ruled on it. And if you look at his briefing, towards the end of his briefing, the only thing that Anderson can point to is what he characterizes as an act of commission. That's how he says that Castro — as something that would push us into Castro land, a unilateral action, is that the Court ruled abruptly. In other words, the Court was diligent. The Court acted quickly, and that somehow is a — is — is — makes this into a Castro-type situation. Obviously, that's not correct. If that's correct, then district court judges that are diligent are violating Castro all the time, Your Honor. So I don't — I don't think there's any way to shoehorn this into Castro. I don't think his new arguments that this is somehow a — a — a not a Federal habeas petition fit the actual record. And then, lastly, I guess I'll address — Sotomayor, could I go back to the one — I'm still noodling over this. If we were to conclude that in 2013 the petition should have been dismissed without prejudice because it was a mixed petition, why would this new document be second or successive? And I know you don't concede my — my opening gambit, but — First of all, I think he would have needed to raise that in — he would have needed to raise that in — in the appeal of that — of that — in 2013. He would have needed to raise that in that case. In other words, the Castro case — the Castro case — So you think it's too late for us to consider it even if the court was wrong in 2013? I think it's too late for this Court to go back and say, well, that was a mixed petition, and therefore it doesn't count as a petition, because that should have been raised in that — in that proceeding, Your Honor. And so I don't — so I don't see — and I also don't — well, I guess you've already — I don't agree that it's a mixed petition. I understand you, Your Honor. But I think it's too — too late to raise it. The last — the last issue I'll try to address in the last minute or so is Pace — he — you know, he argues — his main argument in his opening brief was that this was a Pace-protected petition. But in order to file a Pace-protected petition, you actually have to have some reasonable confusion as to whether or not the State And he doesn't have any reasonable uncertainty here. There is no reason — what he tries to — the only thing he tries to point to as any reasonable confusion is reasonable confusion as to whether or not he would have actually won on the merits of the arguments he was making to the State courts in his post-conviction proceedings in State court. But, of course, if that constitutes reasonable confusion, you'll always have reasonable confusion, because — I mean, unless — unless they — he's absolutely certain he's going to win in his State court post-conviction proceedings. So he's confusing or conflating reasonable confusion about whether he's got a procedural problem or a timeliness problem with his State — State post-conviction, which that is — that is a reason to file a Pace-protected petition. And he's confusing that with any kind of reasonable confusion or uncertainty about whether he's going to win on the merits of the arguments he's making. He can't point to uncertainty about whether he's going to win on the merits of those arguments and then try to say that counts as reasonable confusion under Pace, Your Honors. That's not how Pace works. So if the Court has no further questions, I'll sit down. Sotomayor, I doubt. The case just argued is submitted, and we appreciate very much the arguments of both counsel. Your time had expired. You used more than your allotted time.
judges: Wallace, Kleinfeld, Graber